**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4687**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHARLIE VAYSHONE GREEN,

            Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:02-cr-00163-FDW-1)

Submitted:  May 26, 2009                  Decided:  June 15, 2009

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Mark A. Jones,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie Vayshone Green appeals the district court's order revoking his term of supervised release, imposing a sentence of two and one-half months of incarceration to be followed by sixty-nine months of supervised release, and imposing a special condition of supervised release that Green have no contact with his mother unless approved by the probation officer. We conclude that the district court did not abuse its discretion, and affirm.

On appeal, Green first argues that the district court abused its discretion in concluding that he violated the conditions of his supervised release. At the revocation hearing, counsel stated that Green admitted the violation. Although Green stated that he understood the requirement that he report to a residential reentry center was optional, our review of the record convinces us that the district court did not abuse its discretion in concluding otherwise.

Green also argues that the district court erred in imposing the special condition of supervised release without providing advance notice of its intent to do so, and that it abused its discretion in imposing the condition. Green did not object to the lack of prior notice by the district court, and thus his assertion of error is reviewed under the plain error standard. See Fed. R. Crim. P. 52(b); United States v. Olano,

2

507 U.S. 725, 731-32 (1993). We conclude that the district court did not err, as there is no explicit requirement for advance notice of a special condition of supervised release.

Green next asserts that the district court abused its discretion in imposing the special condition that he have no contact with his mother without prior approval by the probation officer. Our review of the record leads us to conclude that the district court complied with the requirements of 18 U.S.C. § 3583(d) (2006), and otherwise did not abuse its discretion in imposing this condition.

Green's final argument is that counsel was ineffective in failing to object to the imposition of the special condition of supervised release. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record reveals that it does not conclusively show that counsel was ineffective. We therefore decline to consider this argument on appeal.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED